IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| THE BURLINGTON INSURANCE COMPANY : <br> 238 International Road : <br> Burlington, North Carolina : Civil Action No.: 3:18-cv-650-DJH <br> : <br> Plaintiff, : Judge: <br> : <br> v. : <br> : <br> LA MOVIDA INCORPORATED : <br> 852 Hidden Stream : **COMPLAINT FOR DECLARATORY** <br> Lexington, KY 40511 : **JUDGMENT** <br> : <br> Defendant. : <br> : <br> Serve: : <br> : <br> Registered Agent : <br> Mariana Torres : <br> 7803 Old 3rd Street : <br> Louisville, KY 40214 : | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Comes the Plaintiff, The Burlington Insurance Company (hereinafter referred to as "TBIC"), by counsel, and for its Complaint for Declaratory Judgment, states as follows:

**INTRODUCTION**

1. This is a declaratory judgment action filed pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57 for a declaration of rights and other relief under contracts of insurance.

2. TBIC seeks a declaration of right and obligations with respect to the defense and indemnification of La Movida, Inc.

## THE PARTIES

3. TBIC is a corporation domiciled in the State of Illinois with its Principal Place of Business in the State of North Carolina, and is licensed to transact insurance business in the Commonwealth of Kentucky.

4. Upon information and belief, Defendant La Movida, Inc. is a Kentucky corporation with its principal office in Kentucky.

## VENUE AND JURISDICTION

5. This lawsuit is brought pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the matter in controversy is between citizens of different states and exceeds the sum of $75,000.00.

7. The relief is specifically authorized pursuant to 28 U.S.C. § 2201.

8. There is a present and actual controversy between the parties.

9. Venue is properly vested in this Court pursuant to 28 U.S.C. § 1391 because, among other grounds, the events giving rise to this dispute took place in this District.

## FACTUAL BACKGROUND

10. TBIC issued an insurance contract to Lamovida Incorporated under Policy Number 012B008440 ("the Policy") with an effective policy period of May 17, 2016 – May 17, 2017. A copy of this Policy is attached hereto as Exhibit 1.

11. On or about January 17, 2018, Samantha Franklin as Administratrix for the Estate of Jennie Burton, and Sabrina Burton, filed a Complaint against various defendants, including La Movida, Inc. in the Jefferson Circuit Court, Case No. 18-CI-00329 ("hereinafter referred to as the underlying action"). A copy of this Complaint is attached hereto as Exhibit 2.

12. On or May 17, 2018, Chris Meinhart, as the Administrator of the Estate of Stacy Walker, filed an Intervening Complaint in the underlying action. A copy of the Intervening Complaint is attached hereto as Exhibit 3.

13. The Complaint and the Intervening Complaint in the underlying action allege that on or about January 29, 2017, Chad Erdley operated a motor vehicle in a careless and negligent manner as to cause it to strike pedestrians Jennie Burton and Stacy Walker at or around 7803 Third Street Road, Louisville, Kentucky.

14. The Complaint and the Intervening Complaint allege that at the time of collision, Burton and Walker were gathered with a group of pedestrians at or around 7803 Third Street Road in Louisville, Kentucky waiting for a "food truck" or vehicle out of which food was served and sold, to open.

15. The Complaint and the Intervening Complaint allege the property located at or around 7803 Third Street Road was owned, rented, supervised, controlled, leased, occupied, operated, managed and/or maintained by one or more of the named defendants, including La Movida, Inc.

16. TBIS is providing La Movida, Inc. with a defense to the claims asserted in the underlying action, subject to a reservation of rights.

## COUNT I

17. TBIC incorporates by reference Paragraphs 1 through 16 as if fully set forth herein.

18. The Policy issued to La Movida, Inc., Policy No. 012B008440 for the policy period of May 17, 2016 to May 17, 2017, is a commercial general liability policy that provides liability coverage for damages the insured becomes legally obligated to pay because of bodily

injury to which the insurance applies.  This coverage is subject to various exclusions, including an auto exclusion.

19. The Commercial General Liability Coverage Part of the Policy contains an Endorsement, which provides, in part, as follows:

> **AMENDMENT – AIRCRAFT, AUTO OR WATERCRAFT EXCLUSION**
>
> This insurance does not apply to:
>
> "Bodily injury"…or "damages" caused by or arising out of any…"auto", including "loading or unloading".
>
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by any insured.

20. The Policy's auto exclusion applies to preclude coverage for the claims asserted by the Estate of Jennie Burton and Estate of Stacy Walker in the underlying action.  Thus, TBIC has no obligation to provide either a defense or indemnification to La Movida, Inc. for the claims asserted in the underlying action.

21. The Complaint and Intervening Complaint in the underlying action also seek an award of punitive damages.

22. The Policy excludes from coverage any claim of or indemnification for punitive or exemplary damages.

23. TBIC submits that an actual and justiciable controversy exists among the parties that can be resolved by a declaratory judgment.

23. In light of this controversy, TBIC respectfully requests that this Court issue a declaration of rights and duties of the parties hereto and to declare that TBIC owes no duty to defend and/or to indemnify La Movida, Inc. against the claims in the underlying action.

WHEREFORE, TBIC prays for a declaration that it owes no coverage or duty to defend or indemnify La Movida, Inc. with respect to the claims and alleged damages asserted by the Estate of Jennie Burton and Estate of Stacy Walker in the underlying action.  The Court should declare that the claims asserted by the Estate of Jennie Burton and Estate of Stacy Walker, and alleged damages fall outside the coverage provided by, or are excluded from coverage under the Policy.

Respectfully submitted,

*/s/ Katherine L. Kennedy*
Katherine L. Kennedy (92606)
LEWIS, BRISBOIS, BISGAARD & SMITH, LLC
909 Wright's Summit Parkway, Suite 230
Ft. Wright, KY 41011
kate.kennedy@lewisbrisbois.com
Phone:  (859) 663-9830
Fax:  (859) 663-9829
*Attorney for Plaintiff, The Burlington Insurance Company*