NO. **18CI00329**

JEFFERSON CIRCUIT COURT
DIVISION _____
JUDGE _____

SAMANTHA FRANKLIN, as the Administratrix of the
Estate of JENNIE L. BURTON
245 Boardwalk Ave., #3
Shepherdsville, Kentucky 40165

AND

SABRINA BURTON
1323 Helck Avenue
Louisville, Kentucky 40213

PLAINTIFFS

VS.                    **COMPLAINT**

LA MOVIDA, INC.
852 Hidden Stream Drive
Lexington, Kentucky 40511

> FILED IN CLERK'S OFFICE
> DAVID L. NICHOLSON, CLERK
>
> **JAN 17 2018**
>
> BY_____
> DEPUTY CLERK

      Serve Registered Agent:    Mariana Torres
                                   7803 Old Third Street
                                   Louisville, Kentucky 40214

AND

WINTER SONG, LLC
3400 Woodside Road
Louisville, Kentucky 40222

      Serve Registered Agent:    Robert L. Ogden
                                   3400 Woodside Road
                                   Louisville, Kentucky 40222

AND

TEQUILA MEXICAN CUISINE, INC.
7803 Third Street Road
Louisville, Kentucky 40214

      Serve Registered Agent:    Enrique Roman
                                     522 Woodlake Drive
                                   Louisville, Kentucky 40245

AND

1

EXH : 000002 of 000023

AMBROSIA LOPEZ RODRIGUEZ
1203 Cromwell Court
Fairdale, Kentucky 40118

AND

ROCIO LOPEZ-RODRIGUEZ
8683 National Turnpike
Fairdale, Kentucky 40118

    Serve Also:    Rocio Lopez-Rodriguez
                        8812 National Turnpike
                        Fairdale, Kentucky 40118

    Serve Also:    Rocio Lopez-Rodriguez
                        1203 Cromwell Court
                        Fairdale, Kentucky 40118

AND

MARIA DEL ROCIO RODRIGUEZ
8812 National Turnpike
Fairdale, Kentucky 40118

    Serve Also:    Maria Del Rocio Rodriguez
                        8683 National Turnpike
                        Fairdale, Kentucky 40118

    Serve Also:    Maria Del Rocio Rodriguez
                        1203 Cromwell Court
                        Fairdale, Kentucky 40118

AND

TAQUERIA ROCIO
8683 National Turnpike
Fairdale, Kentucky 40118

    Serve: Rocio Lopez-Rodriguez
           8683 National Turnpike
            Fairdale, Kentucky 40118

AND

TIENDA LATINA LOS MEZCALES, ASC OF ASA CORPORATION

2

EXH : 000003 of 000023

8812 National Turnpike
Fairdale, Kentucky 40118

      Registered Agent:    Maria Del Rocio Rodriguez
                              8812 National Turnpike
                              Fairdale, Kentucky 40118

AND

ASA CORPORATION
8812 National Turnpike
Fairdale, Kentucky 40118

      Registered Agent:    Maria Del Rocio Rodriguez
                              8812 National Turnpike
                              Fairdale, Kentucky 40118

CHAD M. ERDLEY
3601 Wyndham Way, #4
Louisville, Kentucky 40299-0000

      Also Serve:    Chad M. Erdley, Inmate # 00359064
                    Department of Corrections, Louisville Metro
                    400 S. Sixth Street
                    Louisville, Kentucky 40202              **DEFENDANTS**

                    · * * * * * * *

    Come the Plaintiffs, by counsel, and for the Plaintiffs' causes of action herein, state as follows:

## PARTIES AND VENUE

    1.  Defendant Chad M. Erdley is and was at all times herein referred to a resident of Jefferson County, Louisville, Kentucky.

    2.  Defendant La Movida, Inc. is and was at all times herein referred to a Kentucky corporation, registered with the Kentucky Secretary of State, authorized to do business in the Commonwealth of Kentucky, and with a facility located in Jefferson County, Louisville, Kentucky.

3

EXH: 000004 of 000023

3.  Defendant Winter Song, LLC is and was at all times herein referred to a Kentucky limited liability company, registered with the Kentucky Secretary of State, authorized to do business in the Commonwealth of Kentucky, and located in Jefferson County, Louisville, Kentucky.

4.  Defendant Tequila Mexican Cuisine, Inc. is and was at all times herein referred to a Kentucky corporation, registered with the Kentucky Secretary of State, authorized to do business in the Commonwealth of Kentucky, and located in Jefferson County, Louisville, Kentucky.

5.  Defendant Ambrosia Lopez Rodriguez is and was at all times herein referred to a resident of Jefferson County, Louisville, Kentucky.

6.  Defendant Rocio Lopez-Rodriguez is and was at all times herein referred to a resident of Jefferson County, Louisville, Kentucky.

7.  Defendant Maria Del Rocio Rodriguez is and was at all times herein referred to a resident of Jefferson County, Louisville, Kentucky.

8.  Defendant Taqueria Rocio is and was at all times herein referred to a Kentucky business and located in Jefferson County, Louisville, Kentucky.

9.  Defendant Tienda Latina Los Mezcales is an ASC of ASA Corporation registered with the Kentucky Secretary of State, doing business in the Commonwealth of Kentucky, and located in Jefferson County, Louisville, Kentucky.

10.  Defendant ASA Corporation is a Kentucky corporation, registered with the Kentucky Secretary of State, doing business in the Commonwealth of Kentucky, and located in Jefferson County, Louisville, Kentucky.

11.  Samantha Franklin is and was at all times herein referred to a resident of Bullitt County, Shepherdsville, Kentucky.

EXH.: 000005 of 000023

12.  Sabrina Burton is and was at all times relevant herein a resident of Jefferson County, Louisville, Kentucky.

13.  Samantha Franklin is the daughter of Jennie L. Burton.

14.  Sabrina Burton is the biological daughter of Jennie L. Burton.

15.  At all the time of the collision described herein, Sabrina Burton was under the age of eighteen (18).

16.  Jennie L. Burton lost her life as the result of the collision described below and underlying the causes of action alleged herein.

17.  At the time of her death, Jennie L. Burton was a resident of Jefferson County, Louisville, Kentucky.

18.  Samantha Franklin was appointed as the Administratrix of the Estate of Jennie L. Burton by the Jefferson County District Court, Probate Division, in the Commonwealth of Kentucky by Order dated November 28, 2017.  The Order of Appointment is attached hereto as Exhibit A.

19.  Sabrina Burton is now over the age of eighteen (18).

## NEGLIGENCE AND GROSS NEGLIGENCE OF DEFENDANT CHAD M. ERDLEY

20.  On or about January 29, 2017, on or about Third Street Road, in Jefferson County, Louisville, Kentucky, Chad M. Erdley operated a motor vehicle in such a careless and negligent manner as to cause it to strike Jennie L. Burton, a pedestrian, at or around 7803 Third Street Road.

21.  Chad M. Erdley acted negligently in causing the injuries and damages sustained by Jennie L. Burton and the Estate of Jennie L. Burton, as alleged herein.

EXH : 000006 of 000023

22. At the time of the automobile collision described herein, Chad M. Erdley was operating a motor vehicle under the influence of alcohol, other intoxicating substances, and/or illicit substances.

23. Jennie L. Burton was not a substantial factor in causing the collision.

24. Chad M. Erdley was a substantial factor in causing the collision.

25. At the time of the automobile collision described herein, Chad M. Erdley failed to keep his automobile under reasonable control.

26. At the time of the automobile collision described herein, Chad M. Erdley failed to exercise ordinary care to avoid collision with Jennie L. Burton and other pedestrians located at or around 7803 Third Street Road.

27. At the time of the automobile collision described herein, Chad M. Erdley failed to exercise ordinary care for the safety of persons, including Jennie L. Burton.

28. At the time of the automobile collision described herein, Chad M. Erdley failed to keep a proper lookout ahead for other persons and vehicles in front of him.

29. At the time of the automobile collision described herein, Chad M. Erdley operated his vehicle at an excessive speed and at an unreasonable speed.

30. At the time of the automobile collision described herein, Chad M. Erdley operated his vehicle in such a negligent and careless manner as to cause his vehicle to strike a crowd of pedestrians at or around 7803 Third Street Road.

31. The actions of Chad M. Erdley constitute gross negligence and recklessness.

32. At all times relevant herein, Chad M. Erdley negligently failed to follow safety policies and procedures.

6

EXH · 000007 of 000023

33. At all times relevant herein, Chad M. Erdley negligently failed to comply with the rules and regulations set forth in the Kentucky Revised Statutes.

34. At all times relevant herein, Chad M. Erdley failed to comply with the rules and regulations set forth in the Kentucky Administrative Regulations.

35. The actions and/or omissions of Chad M. Erdley constitute negligence per se.

## CAUSES OF ACTION AGAINST LA MOVIDA, INC., WINTER SONG, LLC, TEQUILA MEXICAN CUISINE, INC., AMBROSIA LOPEZ RODRIGUEZ, ROCIO LOPEZ-RODRIGUEZ, MARIA DEL ROCIO RODRIGUEZ, TAQUERIA ROCIO, TIENDA LATINA LOS MEZCALES, ASC OF ASA CORPORATION, AND ASA CORPORATION

36. At the time of the collision described herein, Jennie L. Burton was gathered with a additional pedestrians at or around 7803 Third Street Road in Louisville, Kentucky.

37. At the time of the collision described herein, Jennie L. Burton was gathered with additional pedestrians at or around the location described above waiting for a "food truck" or vehicle out of which food was served and sold and waiting for said "food truck" to open and/or otherwise waiting to obtain food from said "food truck".

38. According to the investigating agency, the "food truck" is identified as a White Chevrolet and "Taqueria Rocio" appears in large letters on the side of the "food truck".

39. To the Plaintiffs' knowledge and belief, the property located at or around 7803 Third Street Road was owned, rented, supervised, controlled, leased, occupied, operated, managed, supervised, and/or maintained by one or more of the Defendants, La Movida, Inc., Winter Song, LLC, Tequila Mexican Cuisine, Inc., Ambrosia Lopez Rodriguez, Rocio Lopez-Rodriguez, Maria Del Rocio Rodriguez, Taqueria Rocio, Tienda Latina Los Mezcales, ASC of ASA Corporation, and ASA Corporation.

40. To the Plaintiffs' further knowledge and belief, the "food truck" outside of which

7

pedestrians, including Jennie L. Burton, were gathered was owned, rented, supervised, controlled, leased, occupied, operated, managed, supervised, and/or maintained by one or more of the Defendants, La Movida, Inc., Winter Song, LLC, Tequila Mexican Cuisine, Inc., Ambrosia Lopez Rodriguez, Rocio Lopez-Rodriguez, Maria Del Rocio Rodriguez, Taqueria Rocio, Tienda Latina Los Mezcales, ASC of ASA Corporation, and ASA Corporation.

41. Hereinafter, the Defendants, La Movida, Inc., Winter Song, LLC, Tequila Mexican Cuisine, Inc., Ambrosia Lopez Rodriguez, Rocio Lopez-Rodriguez, Maria Del Rocio Rodriguez, Taqueria Rocio, Tienda Latina Los Mezcales, ASC of ASA Corporation, and ASA Corporation, shall be collectively referred to as the "Property Defendants" and/or the "Food Truck Defendants".

42. Hereinafter, the "subject premises" shall refer to the location of the subject collision, the property located at or around 7803 Third Street Road in Louisville, Kentucky, and all premises, property, and surfaces adjacent thereto including, but not limited to, means of ingress and egress, driveways, parking lots, and any appurtenances thereto.

43. To the Plaintiffs' knowledge and belief, at the time of the collision described herein, the "food truck" was parked in a parking lot at or around the Subject Premises.

44. To the Plaintiffs' knowledge and belief, at the time of the subject collision, the "food truck" was parked in said parking lot in the portion of said parking lot abutting and directly adjacent to Third Street Road.

45. To the Plaintiffs' knowledge and belief, the location of said "food truck" was so near the roadway so as to cause an unreasonable risk of harm to pedestrians including, Jennie L. Burton.

46. The location of said "food truck" was negligent and careless.

8

EXH. : 000009 of 000023

47. At all times relevant herein, Jennie L. Burton was an invitee of one or more of the Property Defendants and/or Food Truck Defendants and/or was otherwise on the subject premises with the permission of one or more of the Food Truck Defendants and/or Property Defendants.

48. At all times relevant herein, one or more of the Food Truck Defendants and/or Property Defendants acted and/or omitted individually and/or collectively, on behalf of themselves and/or on behalf of one or more of the other Food Truck Defendants and/or Property Defendants, by and through each other and/or independently, and/or individually and/or by and through agents, ostensible agents, servants, and/or representatives and/or as agents, ostensible agents, servants, joint and/or several tortfeasors, and/or representatives of and for one or more of the other Food Truck Defendants and/or Property Defendants herein.

49. At all times relevant herein, one or more of the Food Truck Defendants and/or Property Defendants knew or should have known of the dangerous propensities, dangers, and hazards of the subject premises and/or the dangers and/or hazards posed to pedestrians gathered by, near, or adjacent to a roadway.

50. At all times relevant herein, one or more of the Food Truck Defendants and/or Property Defendants knew and/or were aware and/or should have known/been aware that the location of the subject "food truck" was an unsafe condition, and one or more of the Food Truck Defendants and/or Property Defendants were responsible for maintaining.

51. At all times relevant herein, one or more of the Food Truck Defendants and/or Property Defendants possessed a duty to exercise reasonable care for the safety of persons located at or around the subject premises, and one or more of the Food Truck Defendants and/or Property Defendants breached said duty.

EXH.: 000010 of 000023

52. At all times relevant herein, one or more of the Food Truck Defendants and/or Property Defendants possessed a duty to exercise ordinary care to protect persons on or around the subject premises against reasonably foreseeable danger, and one or more of the Food Truck Defendants and/or Property Defendants breached said duty.

53. At all times relevant herein, one or more of the Food Truck Defendants and/or Property Defendants possessed a duty to provide such safeguards and/or warnings as may be reasonably necessary for the protection of persons occupying the subject premises and/or customers of the subject "food truck", and one or more of the Food Truck Defendants and/or Property Defendants breached said duties.

54. At all times relevant herein, one or more of the Food Truck Defendants and/or the Property Defendants possessed a duty to maintain and operate the subject premises and the subject "food truck" in a reasonably safe condition and manner for all ordinary, customary, and/or reasonable uses to which said premises and/or "food truck" may be put, and one or more of the Food Truck Defendants and/or Property Defendants breached said duty.

55. At all times relevant herein, one or more of the Food Truck Defendants and/or Property Defendants knew or should have known that the location of the subject "food truck" was a dangerous and/or hazardous condition and/or situation which posed an unreasonable risk of harm to persons, such as Jennie L. Burton.

56. At all times relevant herein, one or more of the Food Truck Defendants and/or Property Defendants were required to comply with the requirements set forth by Louisville-Jefferson County Metro Government and the Commonwealth of Kentucky including, but not limited to, public health and safety ordinances and regulations and local zoning codes and regulations.

10

EXH.: 000011 of 000023

57. At all times relevant herein, the subject "food truck" was an "itinerant vendor", "mobile vendor", "stationary vendor", and/or "mobile food unit vendor" as defined by Louisville-Jefferson County Metro Government ordinances and/or other regulations including, but not limited to Lou. Metro Ord. §115.350.

58. At all times relevant herein, one or more of the Food Truck Defendants and/or Property Defendants failed to comply with the license and/or permit requirements set forth by Louisville-Jefferson County Metro Government ordinances and/or other administrative regulations and/or statutory and/or regulatory requirements, in both the capacities of property owner and as vender as one or more of the Food Truck Defendants and/or Property Defendants occupied one or more of these roles.

59. At all times relevant herein, one or more of the Food Truck Defendants and/or Property Defendants failed to comply with Louisville-Jefferson County Metro Government ordinances and/or other regulations and/or other statutory, regulatory, and/or industry standards requiring the designation and approval of the location at which the subject vendor was doing business which, among other purposes, said ordinances, standards, and regulations were intended to ensure any vendor operated from a safe location.

60. Pursuant to statutory, regulatory, and/or common law and/or reasonable, prudent, safety standards and/or applicable standards of care, one or more of the Food Truck Defendants and/or Property Defendants possessed duties of care including, but not limited to, the following duties relevant herein:

a)      To provide a minimum of two parking spaces and not to locate in any minimum required parking space for other businesses on the site;

11

EXH : 000012 of 000023

b)     Not to locate within twenty (20) feet of any public right-of-way or within twenty (20) feet of the intersection of any public right-of-way and private driveway;

c)     Not to obstruct or cause to be obstructed the passage of any sidewalk, street, avenue, alley, or any other public space by causing people to congregate at or near the place where vending items are being sold or offered for sale;

d)     To make sure all lighting was permanently or semi-permanently affixed to the vending facility;

e)     Not to allow lighting to shine on or into any public right-of-way or cause a glare that could be considered a public hazard, nuisance, or distraction to vehicular movement;

f)     Not to conduct business so as to violate the traffic and sidewalk ordinances of Louisville Metro;

g)     Not to locate in which a manner as to cause a traffic hazard, and

h)     To comply in all respects with Lou. Metro Ord. §115, et. seq., 902 KAR 45.005, and any other governing regulations.

61. At all times relevant herein, the Food Truck Defendants and/or Property Defendants possessed other duties dictated by Kentucky statutory, regulatory, administrative, and/or common law and other duties dictated by the Louisville-Jefferson County Metro Government and any division thereof including, but not limited to, the Department of Codes and Regulations.

62. One or more of the Food Truck Defendants and/or Property Defendants breached one or more of the above duties.

63. Jennie L. Burton was a member of the class of persons intended to be protected by these regulations, ordinances, and codes, and the injuries Jennie L. Burton sustained at the time

12

EXH.: 000013 of 000023

of the collision were of the type that these regulations, ordinances, and codes were directly designed to prevent.

64. At all times relevant herein, one or more of the Food Truck Defendants and/or Property Defendants owed Jennie L. Burton and other pedestrians duties of care including, but not limited to, duties to maintain the premises in a safe, reasonable, and prudent manner, to exercise reasonable care and caution for their safety, to refrain from creating and/or maintaining hazardous situations and/or conditions, to ameliorate unsafe and/or hazardous conditions and/or situations, to properly warn of hazardous situations and/or conditions and the risks posed thereby, and to refrain from encouraging and/or permitting said hazards and conditions, and one or more of the Food Truck Defendants and/or Property Defendants breached one or more of said duties.

65. One or more of the Food Truck Defendants and/or Property Defendants owed Jennie L. Burton the following duties, among others, to maintain the subject premises in a reasonably safe condition, to inspect the premises to discover dangerous conditions not known to them, take reasonable precautions to protect users of the premises and/or patrons of the subject "food truck" from dangers which were foreseeable from said use, and a continuing duty to discover the perils of persons in danger, and one or more of the Food Truck Defendants and/or Property Defendants breached one or more of said duties.

66. One or more of the Food Truck Defendants and/or Property Defendants had a duty to remedy dangerous conditions on the subject property which posed a threat to the health and/or safety of Jennie L. Burton and other patrons, and one or more of the Food Truck Defendants and/or Property Defendants breached said duty.

13

EXH.: 000014 of 000023

67. At all times relevant herein, one or more of the Food Truck Defendants and/or Property Defendants owed Jennie L. Burton and the Plaintiffs additional duties of care, and one or more of the Food Truck Defendants and/or Property Defendants breached one or more of said duties.

68. One or more of the Food Truck Defendants and/or Property Defendants otherwise committed negligent acts and/or omissions in the ownership, maintenance, operation, use, and/or control of the subject premises and/or the subject "food truck".

69. One or more of the Food Truck Defendants and/or Property Defendants otherwise acted and/or omitted negligently.

70. At all times relevant herein, the Food Truck Defendants and Property Defendants had a duty to act in accordance with Kentucky statutory, common, and regulatory law.

71. At all times relevant herein, the subject premises and subject "food truck" were within the exclusive control of one or more of the Food Truck Defendants and/or Property Defendants.

72. At all times relevant herein, the Food Truck Defendants and/or Property Defendants otherwise owed Jennie L. Burton a duty to exercise reasonable and ordinary care, and one or more of the Food Truck Defendants and/or Property Defendants breached said duty.

73. The actions and omissions of one or more of the Defendants constitute a breach and/or violation of statutory and/or regulatory law including, but not limited to, Kentucky statutory, regulatory, and/or common law.

74. One or more of the Food Truck Defendants and/or Property Defendants were otherwise negligent as may appear during the course of discovery or which may be adduced at the trial of this case.

EXH : 000015 of 000023

75. One or more of the Food Truck Defendants and/or Property Defendants negligently and carelessly caused the damages and injuries described herein.

76. At all times relevant herein, one or more of the Food Truck Defendants and/or Property Defendants negligently failed to follow safety policies and procedures.

77. At all times relevant herein, one or more of the Food Truck Defendants and/or Property Defendants negligently failed to comply with the rules and regulations set forth in the Kentucky Revised Statutes.

78. At all times relevant herein, one or more of the Food Truck Defendants and/or Property Defendants failed to comply with the rules and regulations set forth in the Kentucky Administrative Regulations.

79. The actions and/or omissions of one or more of the Food Truck Defendants and/or Property Defendants constitute negligence per se.

80. As described herein, the negligent acts and omissions of one or more of the Food Truck Defendants and/or Property Defendants constitute a substantial factor in causing and/or bringing about the injuries and damages sustained by the Plaintiffs and Jennie L. Burton.

81. At all times relevant herein, the Food Truck Defendants and/or Property Defendants were acting individually and/or through their owners, employees, managers, representatives, and/or actual, apparent, and/or ostensible agents.

82. Through their acts and omissions, one or more of the Food Truck Defendants and/or Property Defendants, acting individually and/or through each other and/or acting through owners, employees, managers, representatives, and/or actual, apparent, and/or ostensible agents, were negligent and careless in causing the damages to the Plaintiffs, as described herein.

EXH - 000016 of 000023

83. The Defendants are also liable for their independent negligent actions and omissions as described herein.

## DAMAGES

84. The negligence of Defendants was the direct and proximate cause of the damages described herein.

85. As a direct and proximate result of the negligence of the Defendants, Jennie L. Burton lost her life.

86. As a direct and proximate result of the negligence of the Defendants, Jennie L. Burton was injured in, on, and about her body, both temporarily and permanently.

87. As a direct and proximate result of the negligence of the Defendants, Jennie L. Burton endured immense pain and suffering, both mental and physical, and pre-impact fright.

88. As a direct and proximate result of the negligence of the Defendants, Jennie L. Burton experienced conscious mental suffering and the infliction of emotional distress.

89. As a direct and proximate result of the negligence of the Defendants, the Estate of Jennie L. Burton incurred funeral and burial expenses.

90. As a direct and proximate result of the negligence of the Defendants, the Plaintiffs and Jennie L. Burton incurred medical expenses.

91. As a direct and proximate result of the negligence of the Defendants, the Plaintiffs have realized a permanent destruction of Jennie L. Burton's power to labor and earn money.

92. As a direct and proximate result of the negligence of the Defendants, Jennie L. Burton and the Plaintiffs incurred damage to property.

93. As a direct and proximate result of the negligence of the Defendants, Jennie L. Burton lost her life.

EXH : 000017 of 000023

94. The actions of the Defendants, described herein, warrant an award of punitive damages against the Defendants as Defendants actions constitute a complete failure to exercise reasonable care under the circumstances, gross negligence, and wanton and/or reckless indifference or a complete disregard for the lives, safety, rights, and/or property of other people.

95. Sabrina Burton is the biological child of the deceased, Jennie L. Burton, and Sabrina Burton was a minor on the date of the collision described herein.  As a result of the injury and death sustained by Jennie L. Burton, Sabrina Burton has been caused to suffer the loss of love, affection, guidance, counseling, support, and other general parent-child relationships.

96. As a result of the injury and death sustained by Jennie L. Burton, Sabrina Burton suffered the loss of Jennie L. Burton's consortium and hereby asserts a claim for loss of consortium.

97. The negligence of the Defendants is the direct and proximate cause of all damages described herein, and Samantha Franklin, as the Administratrix of the Estate of Jennie L. Burton, is entitled to recover all damages allowable under Kentucky's Wrongful Death statute and Kentucky law regarding wrongful death and all damages otherwise allowable under Kentucky law.

98. As a direct and proximate result of the negligence of the Defendants, Jennie L. Burton and the Plaintiffs sustained additional damages which are still being discovered and investigated.

99. The amount sought by the Plaintiffs exceeds the minimal jurisdictional limit of this Court, and threshold requirements have been met by the Plaintiffs in that Jennie L. Burton lost her life.

100. Counsel for the Plaintiffs, DeCamillis & Mattingly, PLLC, Robert D. Mattingly, and Amanda L. Hartley, hereby certify by the signature on the bottom of this Complaint, on behalf of

EXH : 000018 of 000023

the Plaintiffs, that Samantha Franklin has been duly appointed by the Jefferson County District Court, Probate Division, as the Administratrix of the Estate of Jennie L. Burton.   A certification signed by Samantha Franklin is attached hereto as Exhibit B.

WHEREFORE, the Plaintiffs demand:

1. Judgment against the Defendants, jointly and severally, in an amount which will fairly and reasonably compensate the Plaintiffs for the Plaintiffs' damages incurred as a result of the actions described herein,

2. Judgment against the Defendants for all damages described herein including, but not limited to, medical costs, funeral and burial expenses, pain and suffering, destruction of Jennie L. Burton's power to labor and earn, and lost wages,

3. Punitive damages,

4. Trial by jury,

5. Cost expended herein, and

6. Any and all other relief to which the Plaintiffs may appear to be entitled.

Respectfully Submitted,

ROBERT D. MATTINGLY
AMANDA L. HARTLEY
DeCamillis & Mattingly, PLLC
150 South Third Street
Louisville, Kentucky  40202
(502) 589-2822 Telephone
(502) 589-2826 Facsimile
robertmattinglyattorney@gmail.com
ahartley01@gmail.com

EXH - 000019 of 000023

# EXHIBIT A

EXH - 000020 of 000023

AOC-807     Doc. Code: CQ
Rev. 6-10
Page 1 of 1
Commonwealth of Kentucky
Court of Justice
www.courts.ky.gov



**CERTIFICATE
OF QUALIFICATION**

**17P005092**

Case No. _____

Court _____ District

County __Jefferson__

IN Re: Estate of Jennie L. Burton

Proper petition having been filed and the Court having appointed Samantha Franklin

_____ as Administrator

of the above estate on the _____ day of __NOV 2 8 2017__ , 2____ and the fiduciary having

filed in Court bond in the sum of $__1,000.00__ , the amount fixed, with out

_____ as surety,

which was approved by the Court, said fiduciary was thereupon duly sworn as required by law and thus qualified on the

above date.

The above Order and Qualification is in full force and effect this __NOV 2 8 2017__
(Date)

Attest: ___CERTIFIED OF RECORD___ Clerk
OF JEFFERSON DISTRICT COURT
DAVID L. NICHOLSON, CLERK

DAVID L. NICHOLSON, CLERK

By: _____ D.C.

Deputy Clerk

# EXHIBIT B

EXH - 000022 of 000023

## **CERTIFICATION**

I, Samantha Franklin, hereby certify by my signature that I have been duly appointed by the Jefferson County District Court, Probate Division, as the Administratrix of the Estate of Jennie L. Burton.

_____
Samantha Franklin

_____
1-11-2018
Date

EXH : 000023 of 000023