UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **The Burlington Insurance Company** | **Plaintiff** |
| v. | No. 3:18-cv-650-BJB-LLK |
| **La Movida Incorporated** | **Defendant** |

\* \* \* \* \*

### MEMORANDUM OPINION AND ORDER

A lawsuit underway in Kentucky state court concerns a tragic accident in which a driver struck a group of people waiting near a food truck at La Movida's night club in Louisville. Two people died. The administrators of their estates, as well as two other victims, sued La Movida and several others. They claimed the location of the food truck created a hazardous condition and that La Movida overserved the driver.

Burlington Insurance provides La Movida with coverage and has been defending it in the state-court litigation. But Burlington also filed this lawsuit in federal court in hopes of ending its role in the state-court defense. It should not have to cover La Movida, according to the motion, thanks to auto, liquor, and punitive-damages policy exclusions. This suit seeks a declaratory judgment interpreting the policy to say as much.

The policy plainly states that Burlington will cover damages for bodily injury and property damage—but not if the liability rests on furnishing alcohol to an intoxicated person, or on punitive damages (which the underlying litigation seeks). La Movida offers no resistance whatsoever on these two exclusions. Though the auto exclusion, according to La Movida, does not apply because the underlying lawsuit concerns negligence in the maintenance of the property, not in the operation of the car.

This is true, but ultimately irrelevant: the coverage turns on an (undisputed) factual question about whether the injuries "arose out of" the use of an automobile, not a legal question about whether carelessness by La Movida might've contributed to the injuries caused by the car. La Movida does not and cannot dispute that a car caused the injuries at issue. Nor does it offer any caselaw to rebut Kentucky caselaw holding that a negligence claim need only be "causally connected" with the auto in order to "aris[e] out of" its use. *Hugenberg v. W. Am. Ins. Co./Ohio Cas. Grp.*, 249 S.W.3d 174, 187 (Ky. Ct. App. 2006).

Accordingly, the Court **GRANTS** the motion for summary judgment and **DECLARES** that Burlington's policy does not create a duty to defend or indemnify La Movida based on claims in the underlying lawsuit connected to the auto accident.

I.   **The state and federal lawsuits facing Burlington and La Movida**

**State-court litigation.**  In early 2017, Chad Erdely allegedly drove a car into a crowd of pedestrians.  According to multiple complaints filed in state court against La Movida and others [DNs 21-3 to 21-5], the crowd had gathered at a food truck on La Movida's property.  They allege that the food truck was negligently placed, that La Movida and the other defendants knew or should have known that location was dangerous and unsafe, that La Movida violated local ordinances, and that La Movida failed to maintain the premises in a reasonably safe condition.

That litigation remains ongoing.  *See Samantha Franklin as Administratrix for the Estate of Jennie Burton, et al. v. La Movida, Inc., et al.*, No. 18-CI-329 (Jefferson Circuit Court).  Burlington, as La Movida's insurer, is "providing La Movida, Inc. with a defense to the claims asserted in the underlying action, subject to a reservation of rights."  Summary Judgment Brief [DN 21-1] at 2.

**Federal-court litigation.**  During the state-court litigation, Burlington asked this Court for a declaratory judgment stating that the insurance policy does not require it to defend or indemnify La Movida against the underlying claims.  *See* Complaint [DN 1] at 4.

The Declaratory Judgment Act grants federal courts discretion regarding whether to issue a declaration.  28 U.S.C. § 2201(a) states that "any court of the United States … may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  The Supreme Court reiterated in *Wilton v. Seven Falls*, that "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites."  515 U.S. 277, 282 (1995).

La Movida previously asked this Court to decline jurisdiction under the Declaratory Judgment Act, given the apparent overlap between the coverage and liability disputes.  *See* La Movida Motion to Dismiss [DN 9-1].  This Court, before the case was reassigned, weighed the factors relevant to that determination under the law of the Sixth Circuit and determined it would exercise jurisdiction, partly because it reasoned that "no overlapping factual issues" exist between the federal- and state-court cases.  Order Denying Motion to Dismiss [DN 12] at 4.  The parties have not asked the Court to revisit that determination or identified any facts indicating the Court should.  Instead, they address the applicability of the three contractual exclusion provisions on which Burlington relies.

II.   **This Court's role in reviewing Burlington's summary-judgment motion**

Before the Court may grant a motion for summary judgment, it must find that no genuine dispute concerns any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of specifying the basis for its motion and identifying the portion of the record that demonstrates the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party satisfies this burden, the nonmoving party must produce specific facts demonstrating a genuine factual question for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

Interpretation of an insurance contract is a question of law in Kentucky.  *Stone v. Ky. Farm Bureau Mut. Ins. Co.*, 34 S.W.3d 809, 810 (Ky. Ct. App. 2000).  Absent factual disputes, courts may determine the meaning of such contracts on summary judgment.  *Liberty Mut. Ins. Co. v. Bobzien ex*

2

*rel. Hart*, 377 F. Supp. 3d 723, 735 (W.D. Ky. 2019). In doing so, "Kentucky courts seek to determine the intention of the parties according to the language of the contract." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 564 (6th Cir. 2008) (citing *Abney v. Nationwide Mut. Ins. Co.*, 215 S.W.3d 699, 703 (Ky. 2006)).

### III. Summary judgment is warranted because La Movida offers no facts or arguments that rebut the three policy exclusions

The parties appear not to dispute that Burlington would be obligated to defend and cover La Movida absent an applicable exclusion. The insurance policy [DN 1-2 at 28] states that:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply.

Nor do the parties dispute whether two of the three possible exclusions apply. La Movida admits that "[t]here is no dispute regarding the exclusions raised in Burlington's motion relative to punitive damages and liquor liability." Response [DN 22] at 6. So we accept that Burlington is correct that the policy excludes liability claims based on furnishing alcohol to an intoxicated person[1] as well as punitive-damages claims.[2] The underlying litigation implicates both provisions, and La Movida offers no reason not to give these exclusions their plain meaning and effect. Response at 6.

As to the auto exclusion, the insurance policy (at p. 16) states that Burlington's coverage does not apply to: "'Bodily injury', 'property damage' or 'damages' *caused by or arising out of* any … 'auto' … including 'loading or unloading.'" This exclusion applies in cases like this because Kentucky courts have generally given a broad interpretation to the phrase "arising out of." Summary Judgment Brief at 5–6. This phrase sweeps in incidents that are "causally connected" to the accident. Courts give the arising-out-of phrasing a "broad application." *Capitol Specialty Ins. v. Indus. Elecs., LLC*, 407 F. App'x 47, 51 (6th Cir. 2011) (giving language the same broad application despite differences in the insurance policies at issue); *Kininmonth v. Ky. Farm Bureau Mut. Ins. Co.*, No. 2008-CA-002339, 2009 WL 3878115, at *2 (Ky. Ct. App. Nov. 20, 2009) (recognizing that "the phrase 'arising out of' … should be defined broadly").

And Kentucky courts have interpreted "arising out of" in the same broad manner with respect to auto coverage specifically. The Kentucky Court of Appeals has held that courts should ask whether a "causal connection" exists "between the use of the motor vehicle and the" underlying claim.

---

[1] "The insurance does not apply to: 'bodily injury' … for which any insured may be held liable by reason of: The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol." Burlington Insurance Policy at 32.

[2] "This insurance does not apply to: Any claim of or indemnification for punitive or exemplary damages. If a 'suit' seeking both compensatory and punitive or exemplary damages has been brought against you for a claim covered by this policy, we will provide defense for such action. We will not have any obligation to pay for any fees, including but not limited to attorney fees, costs, interest or damages attributable to punitive or exemplary damages." Burlington Insurance Policy at 24.

3

*Hugenberg*, 249 S.W.3d at 187. In *Hugenberg*, the court held that a motor-vehicle exclusion precluded coverage of a negligent-supervision claim that arose out of a driver's use of a vehicle. *Id.* The court reasoned that the claim concerned an injured passenger whose injuries were caused by the driver's use of the car. *Id.* This, the court held, "satisfie[d] the causal connection between the use of the motor vehicle and the negligent supervision claim, which is required by the 'arising out of' language in the motor vehicle exclusion." *Id.*

La Movida's principal counterargument is that the underlying "suits complain that La Movida created a hazardous condition on its premises regarding the location of the food truck," rather than anything related to auto use. Response at 2. Burlington's position, it objects, "ignores the theories upon which La Movida may have liability that are pled in the underlying suits." *Id.* at 5. The problem for La Movida, however, is that the Kentucky Court of Appeals rejected just that argument in *Hugenberg*. There the Kentucky Court of Appeals specifically addressed and rejected any proposed distinction between the cause of the injury (auto) and the cause of action (negligence). *See* 249 S.W.3d at 187.

La Movida cannot limit the auto exclusion to negligence related to the use of an auto; the exclusions cover negligence of any sort when a use of an auto is causally connected to the incident. As the Kentucky Court of Appeals has explained, "the theory of liability is immaterial to the operation of the exclusion," regardless of "[w]hether the theory is negligence, negligent supervision, or products liability." *Kininmonth*, 2009 WL 3878115, at *2 ("coverage is inapplicable if [the victim's] injuries arose from [the insured's] operation of the [excluded vehicle]"). Negligence causes of action that attempt to plead around the facts that a claim "arises out of" cannot evade an otherwise on-point exclusion. *See Hugenberg*, 249 S.W.3d at 187; *Kininmonth*, 2009 WL 3878115, at *2. The premises-versus-auto distinction on which La Movida relies finds no basis in Kentucky precedent.

Indeed, the sole decision La Movida musters in response is *James Graham Brown Foundation, Inc. v. St. Paul Fire Marine Ins. Co.*, 814 S.W.2d 273, 279 (Ky. 1991). But the Response cites this precedent only for the general proposition that courts determine a duty to defend at the outset of the litigation based on "any allegation which potentially, possibly or might come within the coverage of the policy." *Id.* at 279. Kentucky law regarding the interpretation of insurance contracts makes clear that when the insurance policy is clear and unambiguous, courts enforce the policy as written. *Atl. Specialty Ins. Co. v. Stanley*, No. 19-5259, 2019 WL 4440402, at *2 (6th Cir. Aug. 23, 2019) (citing *Kemper Nat'l Ins. Cos. v. Heaven Hill Distilleries, Inc.*, 82 S.W.3d 869, 873 (Ky. 2002)). La Movida has offered no reason or precedent here explaining why the language, read in the light of authoritative Kentucky caselaw, is ambiguous.

## ORDER

The Court **GRANTS** Burlington's motion for summary judgment and **DECLARES** that Burlington's policy does not create a duty to defend or indemnify La Movida based on claims in the underlying lawsuit connected to the auto accident.

February 13, 2021

Benjamin Beaton, District Judge
United States District Court

cc: counsel of record